**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Luis RODRIGUEZ, Defendant-Appellant.**

**No. 15-50328**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 7, 2017 Pasadena, California

Filed August 16, 2017

L. Ashley Aull, Michael Anthony Brown, Kimberly Denise Jaimez, Assistant U.S. Attorneys, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee

Georgina Wakefield, Jonathan D. Libby, Esquire, Deputy Federal Public Defender, FPDCA—Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant-Appellant

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

The officers had a particularized and objective basis for suspecting the driver of the car in which Rodriguez was riding of breaking the law, and they therefore had a "reasonable suspicion" sufficient to lawfully stop the vehicle. *See* Cal. Vehicle Code §§ 5200, 4456(c), 11715; *see also Heien v. N. Carolina,* — U.S. —, 135 S.Ct. 530, 536, 190 L.Ed.2d 475 (2014). The officers lawfully asked Rodriguez to step out of the car for the duration of the stop. *See Pennsylvania v. Mimms,* 434 U.S. 106, 110–111 & n.6, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). Rodriguez dropped drugs as he exited. When the officers found the drugs, they had probable cause to arrest him, and the subsequent search of the car in which he had been a passenger was lawful. *See United States v. Pinela–Hernandez,* 262 F.3d 974, 977–79 (9th Cir. 2001). The district court properly denied Rodriguez's motion to suppress the evidence found in the car and the statements he made after his arrest. *See id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).